# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KRISTOPHER BAUMANN, Chairman of The Fraternal Order of Police, Metropolitan Police Labor Committee,<br><br>Plaintiff,<br><br>v.<br><br>DISTRICT OF COLUMBIA, *et al.*,<br><br>Defendants. | Civil Action No. 09-1189 (CKK) |

**MEMORANDUM OPINION**
(April 8, 2011)

Plaintiff Kristopher Baumann ("Plaintiff" or "Baumann"), Chairman of the District of Columbia Fraternal Order of Police and an Officer of the Metropolitan Police Department ("MPD"), brings this action alleging that his employer unlawfully retaliated against him for engaging in protected activity in violation of his rights under the First Amendment, the District of Columbia Whistleblower Protection Act, D.C. Code §§ 1-615.51 *et seq.* ("DCWPA"), and the District of Columbia Police Investigations Concerning First Amendment Activities Act of 2004, D.C. Code §§ 5-333.01 to 5-333.13. On September 30, 2010, the Court granted-in-part and denied-in-part Defendants' motion for judgment on the pleadings. *See Baumann v. District of Columbia*, 744 F. Supp. 2d 216 (D.D.C. 2010). On November 15, 2010, Baumann filed his Second Amended Complaint, which adds four MPD officials as defendants in both their official and individual capacities and also names Defendant Cathy L. Lanier, Chief of MPD, as a defendant in her individual capacity. Presently pending before the Court are Defendants' [59]

1

Motion to Partially Dismiss Plaintiff's Second Amended Complaint and [60] Motion to Stay Discovery pending resolution of their motion to dismiss. For the foregoing reasons, the Court shall GRANT-IN-PART and DENY-IN-PART Defendants' Motion to Partially Dismiss Plaintiff's Second Amended Complaint and DENY Defendants' Motion to Stay Discovery as moot.

## I.  BACKGROUND

The facts alleged by Baumann in the First Amended Complaint were discussed at length in the Court's prior Memorandum Opinion, and the Court assumes familiarity with that opinion here. To summarize, this action arises out of a "barricade" incident that occurred on or about May 30, 2009. Following that incident, Baumann directed the Fraternal Order of Police ("FOP") Safety Committee to investigate actions that MPD officials had allegedly taken during the incident. The investigation uncovered a taped copy of the radio communications that occurred during the incident, and Baumann provided a portion of these recordings to two newspaper reporters. MPD Chief of Police Cathy Lanier ("Chief Lanier") ordered Lieutenant Dean Welch ("Lt. Welch") to conduct an Internal Affairs investigation into the unauthorized release of the recordings. Baumann alleges that the Internal Affairs investigation headed by Lt. Welch violated the terms of a collective bargaining agreement between MPD and FOP regarding the manner in which MPD may investigate union activities. Baumann was ultimately compelled to reveal during the Internal Affairs investigation that he had ordered the FOP Safety Committee to investigate the barricade incident and that he had given the audio recordings to the press. Baumann was threatened with termination and was temporarily relieved of his police duties, purportedly due to a missed training session. Baumann also claims that MPD sent a uniformed

officer to "monitor" a speech he gave to a political group.

In his Second Amended Complaint, Baumann adds only a few new factual allegations pertaining to the four individuals who are added as defendants in their official and individual capacities: Assistant Chief of Police Patrick Burke ("Asst. Chief Burke"), Assistant Chief of Police Michael Anzallo ("Asst. Chief Anzallo"), Commander Christopher Lojacono ("Cmdr. Lojacono"), and Lt. Welch. Specifically, Baumann alleges that Asst. Chief Burke initiated the Internal Affairs investigation and provided false information knowing that it would contribute to the discipline imposed on Baumann. *See* Second Am. Compl. ¶ 42. Baumann alleges that Asst. Chief Anzallo, Cmdr. Lojacono, and Lt. Welch were aware of Baumann's protected disclosures and knowingly participated in an unjustified investigation that led to disciplinary actions against Baumann. *See id.* ¶ 43. Baumann also incorporates by reference factual allegations set forth in a post-hearing brief written by FOP in support of its unfair labor practice complaints pending before the Public Employee Review Board ("PERB"). *See* Second Am. Compl. ¶¶ 41-43. That post-hearing brief was attached as an exhibit to Plaintiff's Motion for Leave to File Second Amended Complaint, which the Court granted.

## II. LEGAL STANDARD

Under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. (8)(a), "in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must furnish "more than

3

labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557). Rather, a complaint must contain sufficient factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. 1949 (citing *Twombly*, 550 U.S. at 556).

When considering a motion to dismiss for failure to state a claim, the court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). "The complaint must be liberally construed in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal quotation marks omitted). However, a plaintiff must provide more than just "a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S.Ct. at 1950. When a complaint's well-pleaded facts do not enable a court, "draw[ing] on its judicial experience and common sense," "to infer more than the mere possibility of misconduct," the complaint has not shown that the pleader is entitled to relief. *Id.*

## III.  DISCUSSION

Defendants move to dismiss the new claims asserted in the Second Amended Complaint, i.e., the claims Baumann asserts against Chief Lanier in her individual capacity and the claims asserted against Asst. Chief Burke, Asst. Chief Anzallo, Cmdr. Lojacono, and Lt. Welch. Defendants argue that these claims against individuals should be dismissed because: (1) at the

4

time of the alleged violations, the DCWPA did not provide a cause of action against individual supervisors; (2) any claims under the DCWPA are time barred; (3) Baumann has not alleged that any of these individual defendants were personally involved in the alleged deprivation of Baumann's constitutional rights; and (4) Baumann has failed to provide a "short and plain statement" of his claims as required by Rule 8. The Court shall address each of these arguments below.

>    A.   *Liability for Individual Supervisors Under the DCWPA*

Defendants argue that any claims against individual supervisors under the DCWPA must be dismissed because the DCWPA did not provide a cause of action against individuals at the time of the alleged violations. This Court has previously addressed the scope of liability under the DCWPA prior to 2010, when the statute was amended to explicitly allow for suits against individual defendants. In *Payne v. District of Columbia*, 741 F. Supp. 2d 196 (D.D.C. 2010), this Court held that the DCWPA as originally enacted provided a cause of action only against the District of Columbia. *See id.* at 210-11. In doing so, the Court agreed with opinions issued by several other judges in this District that the DCWPA did not provide a cause of action against individual supervisors. *See Tabb v. District of Columbia*, 477 F. Supp. 2d 185, 189 (D.D.C. 2007) (Friedman, J.); *Winder v. Erste*, Civil Action No. 03-2623, 2005 WL 736639, at *9 (D.D.C. Mar. 31, 2005) (Bates, J.). The Court's decision was based in part on the plain language of the statute:

> An employee aggrieved by a violation of § 1-615.53 may bring a civil action before a court or a jury in the Superior Court of the District of Columbia seeking relief and damages, including but not limited to injunction, reinstatement to the same position held before the prohibited personnel action or to an equivalent position, and reinstatement of the employee's seniority rights, restoration of lost benefits, back pay

5

and interest on back pay, compensatory damages, and reasonable costs and attorney fees. . . . A civil action brought pursuant to this section shall comply with the notice requirements of § 12-309.

D.C. Code § 1-615.54(a) (2001). The Court concluded that overall, based on the description of available remedies, the requirement that aggrieved employees provide notice of their claims to the District of Columbia under § 12-309, and the language elsewhere in the statute placing the burden of proof on "the employing District agency," *see id.* § 1-615.54(b) (2001), there was no implied right of action against individual supervisors under the DCWPA. *Payne*, 741 F. Supp. 2d at 196.

The D.C. Council subsequently amended the DCWPA effective March 11, 2010. *See* Whistleblower Protection Amendment Act of 2009, D.C. Code § 1-615.54(a)(1) (2010).[1] The statute now provides that "[a]n employee aggrieved by a violation of § 1-615.53 may bring a civil action against the District, and, in his or her personal capacity, any District employee, supervisor, or official having personal involvement in the prohibited personnel action . . . ." D.C. Code § 1-615.54(a)(1). Baumann argues that this Court should apply the amended DCWPA retroactively or, alternatively, that the Court should construe the amendments as merely clarifying the scope of the statute prior to the amendments. The Court finds these arguments to be unpersuasive.

As this Court noted in *Payne*, the general rule is that statutes are presumed to operate only prospectively absent a clear indication to the contrary. *See* 741 F. Supp. 2d at 211 (citing *Wolf v. D.C. Rental Accommodations Comm'n*, 414 A.2d 878, 880 n.8 (D.C. 1980)); *accord Redman v. Potomac Place Assocs., LLC*, 972 A.2d 316, 319 n.4 (D.C. 2009) ("[It is a] well-settled principle

---

[1] The D.C. Council passed the Act in December 2009, it was approved by the Mayor on January 11, 2010, and it became effective on March 11, 2010.

that retroactive applications of legislation are not to be presumed absent express legislative language or other clear implication that such retroactivity was intended."). The amendments to the DCWPA do not purport to be retroactive in application. In determining whether a statute operates retroactively, "the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 269-70 (1994). "[T]here is a presumption that legislation that affects substantive rights will operate only prospectively." *Lacek v. Washington Hosp. Ctr. Corp.*, 978 A.2d 1194, 1197 (D.C. 2009) (citing *Landgraf*, 511 U.S. at 269 n.23). There is no question in this case that the acts for which Baumann seeks to hold the individual defendants liable occurred prior to the time the DCWPA was amended, and applying the statute retroactively would impose civil liability where there once was none. "Elementary considerations of fairness dictate that individuals should have an opportunity to know what the law is and to conform their conduct accordingly." *Landgraf*, 511 U.S. at 265. Accordingly, the Court declines to apply the amended DCWPA retroactively against the individual defendants in this case.[2]

Baumann alternatively argues that the amendments to the DCWPA merely clarified rights that existed in the prior version of the statute. Baumann relies on a bench ruling by Superior Court Judge John Mott in which he concluded that the amendments merely clarified the D.C. Council's original intent to provide a cause of action against individual supervisors. *See Burton v. District of Columbia*, No. CA-9215-09 (D.C. Super. Ct. Apr. 22, 2010), Hr'g Tr. at 8 (attached

---

[2] The Court has no occasion to address whether other amendments to the DCWPA that are purely procedural in nature may be applied retroactively. *See Duvall v. United States*, 676 A.2d 448, 450 (D.C. 1996) ("Generally, laws which provide for changes in procedure may properly be applied to conduct which predated their enactment.").

as Pl.'s Ex. 4). Baumann also relies in part on language contained in the D.C. Council's committee report on the bill, which explained that "decisions of local courts have diminished the [DCWPA's] efficacy" and that "[t]his bill aims to clarify and reinforce the protections offered under the [DCWPA]." *See* Pl.'s Ex. 3 (D.C. Council Comm. on Gov't Operations & the Env't Report on Bill 18-233, the "Whistleblower Protection Amendment Act of 2009") at 3-4. However, that same report describes the provision for individual liability as an "expansion of potential liability," *see id.* at 7, which appears to acknowledge that the statute did not originally provide for individual liability. Ultimately, the manner in which the DCWPA was subsequently amended does not persuade the Court that its original analysis of the DCWPA in *Payne* was erroneous. Therefore, the Court shall dismiss the DCWPA claims asserted against individual defendants in Baumann's Second Amended Complaint.

Because the Court finds that Baumann has no claim against the individual defendants under the DCWPA, the Court need not address Defendants' alternative argument that Baumann's claims are time barred.

B.  *Claims Against Individuals Under Section 1983*

Defendants also move to dismiss any claims asserted against individual defendants under 42 U.S.C. § 1983 based on Baumann's purported failure to plead facts showing that the individual defendants were personally involved in the alleged deprivation of his constitutional rights. "A § 1983 action cannot be maintained against an official in his personal capacity if the official was not personally involved in the decisions affecting the plaintiff's constitutional rights." *Elkins v. District of Columbia*, 636 F. Supp. 2d 29, 33 (D.D.C. 2009) (citing *Brown v. District of Columbia*, 514 F.3d 1279, 1285 (D.C. Cir. 2008)). In its prior Memorandum Opinion,

the Court ruled that Baumann had adequately pled a violation of his First Amendment rights based on the allegedly retaliatory actions taken against him. In his Second Amended Complaint, Baumann alleges that Chief Lanier ordered Lt. Welch to conduct the Internal Affairs investigation, that Asst. Chief Burke initiated the Internal Affairs investigation with knowledge of Baumann's protected disclosures, and that Asst. Chief Anzallo, Cmdr. Lojacono, and Lt. Welch all participated in the investigation with intent to impose discipline against Baumann in retaliation for his protected disclosures. "It seems beyond peradventure that a complaint averring knowing participation by the defendant in an actionable constitutional deprivation sets forth a colorable claim." *Haynesworth v. Miller*, 820 F.2d 1245, 1258 (D.C. Cir. 1987), *abrogated on other grounds by Hartman v. Moore*, 547 U.S. 250 (2006).

Baumann also incorporates by reference additional allegations detailing these individual defendants' involvement in the alleged retaliatory actions. Defendants argue that Baumann's reference to a post-hearing brief is improper, but this practice is permitted by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 10(c) ("A statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Defendants argue that the allegations adopted by reference do not provide a "short and plain statement" of the claims asserted against the individual defendants as required by Federal Rule of Civil Procedure 8(a)(2). However, the Court finds that Baumann has satisfied the pleading requirements of Rule 8 even without reference to the additional allegations in the post-hearing brief. Therefore, Baumann has adequately stated a claim for relief against the individual defendants in their personal capacities under § 1983. Accordingly, the Court shall deny

9

Defendants' motion to dismiss the § 1983 claims asserted against the individual defendants in the Second Amended Complaint.[3]

## IV. CONCLUSION

For the foregoing reasons, the Court shall GRANT-IN-PART Defendants' [59] Motion to Partially Dismiss Plaintiff's Second Amended Complaint with respect to claims asserted against the individual defendants (Chief Lanier, Asst. Chief Burke, Asst. Chief Anzallo, Cmdr. Lojacono, and Lt. Welch) under the DCWPA and DENY-IN-PART Defendants' motion with respect to claims asserted against these defendants under § 1983. Because the Court has ruled on Defendants' motion for partial dismissal, the Court shall DENY Defendants' [60] Motion to Stay Discovery as moot. An appropriate order accompanies this Memorandum Opinion.

Date: April 8, 2011

                                               /s/
                                               COLLEEN KOLLAR-KOTELLY
                                               United States District Judge

---

[3] To the extent that Baumann is asserting claims against the individual defendants in their official capacities, Baumann is actually suing the District of the Columbia rather than the individuals. *See Atchinson v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996) ("A section 1983 suit for damages against municipal officials in their official capacities is . . . equivalent to a suit against the municipality itself.") (citation omitted).